Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning and welcome to the 11th Circuit. Today we have one case on for oral argument. I'm sure you're familiar with our timing rules, but just as a quick reminder, when your time is in green, you're good to go. When it's in yellow, it's kind of like the stoplight system. You're running out of time, but you're still okay. And when it hits red, you're out of time. We ask that you please stick to the timing restrictions unless somebody on the panel asks you a question, in which case we would like you to answer the question even if it takes you beyond your time because we are interested in your answer. Alrighty, with that, we will go ahead and hear in the case of Samara v. Taylor, case number 20-14629. We'll start with Mr. Allenstein. Good morning, court. My name is Byron Allenstein. I represent Mr. A.M. Samara. I want to thank the court for holding this, allowing oral argument in this case, and I want to thank you. If it pleases the court, when a judgment of a court is not properly enforced, the agreed party has a right to file a complaint to require enforcement of the decree. That's what we've done in this case. In Alabama, a degree party has 20 years to file a complaint to ask for compliance with the decree. On Mr. Samara's behalf, I filed a complaint to enforce the order of 3106, signed by Judge Smith, which was not complied with. The court dismissed my lawsuit based on the pleadings with no discovery, no trial, and so the controlling issue in this case, I submit, is what is the appropriate statute of limitations. The district court erred in granting judgment on the pleadings and holding the case was time barred by the 10-year statute of limitations. Under Alabama law, the statute is 20 years. Code 6232, within 20 years, actions upon a judgment must be commenced. The appropriate statute of limitations depends on the nature of the complaint. The court described the complaint as an equitable remedy of reformation. I described the complaint as a complaint to enforce a decree. Counsel, sorry to interrupt, but here's the concern I have with the 20-year statute of limitations. We went ahead and looked at all of the 36 cases we could find on Westlaw that cite to that specific statute, and all of them involve cases that rely on contents of the former judgment, so that is, there is a judgment, there's a certain amount in controversy, or that has been entered as a judgment, and then it's not paid. Here, though, it seems like your client is seeking to reform the contract to include parcel A that was not included, so I guess I have two questions. The first one is, why isn't that a correct understanding of contract? And second, if it is a correct understanding of the contract, how can it fit under 6232? Like you, I researched the statute, and there are very few similar cases applying the statute. Most of them are child support cases where people are trying to enforce child support, and of course, that's not what we have here. And the distinguishing thing about this case is, I'm relying on a court decree. I'm asking the court, this court, to enforce a court decree, and clearly, if it's a court decree, you have 20 years under the statute. And whether I have a correct understanding of the contract, again, the order said 253 acres, I think it was, owned by the parties, and it was not complied with, so the court order was not complied with. And I realize there's a distinction between enforcement of a court order and reformation of a contract, and one's 10 years and one's 20 years. But let me go on. Even if the statute of limitations is 10 years, I would say the case should not have been dismissed, because- Can I ask you a question about the 20-year statute? You, in your complaint, actually cite and block quote the cause of action for reformation of a mortgage, don't you? Yes, I do, but it's part of a failure to comply with the court order. So it's a combination. But what you're, you never actually suggest, or never cite or quote the 20-year statute or any cause of action dealing with enforcement of court orders or judgments. You only block quote and cite the cause of action for reformation of a mortgage under Alabama law at paragraph two of your complaint, correct? In my brief, I refer to the 20-year statute. I don't mean your brief because the district court's order was on a motion for judgment on the pleadings, where at that time, the only thing he was allowed to consider was the pleadings principle among which was your complaint. And in your complaint, as I said, you block quote only the cause of action for reformation of a mortgage, which would have a 10-year statute of limitations, and not any cause of action or statute dealing with enforcement of a judgment or decree, correct? When I filed a complaint, I had no idea that that would be an issue. But isn't that the issue? Wasn't that the issue that Alabama Supreme Court took up in Swann versus Magnuson, where they, among the factors that they said, decided the question of which statute of limitations should apply. One of the main factors was that in the complaint, the plaintiff had actually cited and quoted from the cause of action for reformation of a mortgage. And so they applied the 10-year statute rather than a different statute of limitations. I'm sure you're correct, but I tried to clarify that issue on my Rule 59 motion, and I pointed out that clearly the 20-year statute is applicable. But by then it's too late, isn't it? Isn't it based on what you're saying? I hope not. I understand what you're saying. And again, I had no idea that was going to be issue until the case got dismissed. And then I tried to clarify what we're trying to do here, judges, enforce a legal decision or a court case or decision. And clearly, assuming that's what I'm trying to do, I clearly have a 20-year statute of limitations. But wasn't the court's judgment actually enforced because the mortgage that was submitted by the parties to the court was actually filed, right? That's another issue. The mortgage was not given to us immediately. The mortgage was given to the clerk of the court. It wasn't until we received a judgment against Mr. Davis that the mortgage was assigned by the court to the trustee and then to us. Does that matter at all? Didn't the Alabama Supreme Court in a different case called Schofield v. Cheatham specifically hold that the statute of limitations accrues on the day that the mortgage is assigned and delivered rather than on the day that it's delivered to the specific party who was aggrieved? In that case, actually, the facts were much worse than in yours because in that case, the deed was given over to the parents of a minor child. And it was stipulated that the minor child had no idea about the existence of the deed until years later when it was transferred to him. Still, the Alabama Supreme Court said that didn't matter. The date of signing and delivery was relevant, not the date of delivery to the aggrieved party. In your case, the facts seem worse for you because not only was it delivered and signed in 2006, but you admittedly knew about it because you filed motions addressing that very mortgage back in 2006 in a response to the status report Mr. Davis had filed. And then again in 2008 when you filed a motion asking the court not to transfer the deed over to the mortgage over the bankruptcy petitioner, also well outside the 10 year statute of limitations. Isn't that right? I'm sure you're correct, Judge. Again, I have to click my computer here. Okay, okay. It just seemed to me like the statute of limitations would begin when we received the mortgage, but I had not analyzed those cases that you've just referred to. And I apologize for that. No need to apologize, sir. Okay, thank you. So anyway, it is our position that what we're trying to do in this case is enforce a decree, statute of limitations is 20 years. As an alternative argument, I argued that we didn't get the mortgage in a timely manner, and we did file it once it was assigned to us within 10 years. And I understand you just explained that case, which is not helpful to me. I understand that. Well, I mean, I get it wrong all the time. Just ask my wife. Okay, let me give you, the court's probably aware of the background, but I want to give a AM Samara of Egypt on a 50-50 joint venture agreement to provide wheat to Yemen. Yemen defaulted. Mr. Davis received a large settlement of I think about $17 million. He sent my client $1 million and said, if you think I owe you more, sue me in district court. Mr. Allestine, I'm sorry to interrupt. If you want to go through the facts, you can, but I think we're all pretty well familiar with them. But you can say however you want. I won't go any farther on that issue there. And let me say there's several reported decisions that fully explain the background of this case. And I can provide a list of those cases if you wanted to. So look, I believe I've pretty much stated my position that we're trying to enforce a decree. We have a 20-year statute of limitations. Alternatively, I said, we didn't get the decree or the mortgage within 10 years. And so alternatively, we filed it within the 10-year statute of limitations. And I appreciate your consideration of this case. Thank you, Mr. Allestine. You've reserved five minutes for rebuttal. We'll hear from Mr. Boykin. Thank you. Morning. May it please the court. My name is Bert Boykin, and I'm one of the attorneys for the appellee, Thomas Keith Taylor. The question posed by this appeal is whether the denial of A.M. Samaras' Rule 59 motion was an abuse of discretion. Considering Mr. Samaras' arguments, the decision of the district court should be upheld. The applicable statute of limitations to action to reform a mortgage is found in Alabama Code 6233. And that code section deals with actions to recover land. The complaint indeed seeks to include 107 acres owned by my client. Mr. Samaras has primarily argued that Alabama Code Section 6232 applies to the complaint, which... Counsel, I'm sorry to interrupt, but I'm sure you heard Judge Altman asking Mr. Allestine about the fact that his pleadings do not include a reference to the 20-year statute. Is there any reason that we need to go beyond that and into the merits in deciding this case? Your Honor, I don't believe so. Mr. Boykin, is there any authority of which you're aware that supports Mr. Allestine's position that the statute of limitations should have started accruing when the mortgage was assigned to Mr. Samaras as opposed to when it was delivered to the clerk of court? Your Honor, no, and to the contrary. I rely on the Schofield case that Judge Altman spoke about a moment ago. I think that clearly shows that the action accrues at the time of the conveyance that is looking to be reformed, that the complaint is looking to reform. Excuse me. The district... Mr. Boykin, the district court in places in its order referred to clear and convincing evidence, which seemed to imply that the court was looking for evidence at the motion for judgment on the pleading stage where, of course, we look only at the pleadings. Is that an error we should be concerned about? And if not, why not? It is an error to be concerned about. Clear and convincing evidence is required for relief under 35-4-153, which is the code section that opposing counsel cited in the complaint. Clear and convincing evidence is definitely required to recover in an action to reform a mortgage or other instrument. Right, but at the pleading stage, there is no allegations. Well, the heightened pleading standard under Federal Rule 9b requires that when alleging fraud or mistake, which is the substance of the complaint, a party must state with particularity the circumstances constituting fraud or mistake to put the responding party on notice. And that clearly is not present. There's unsupported allegations at best. And I think there's, which the court is probably aware, a good reason why this property was not in that mortgage. And that's because it was individually owned by my client's mother-in-law at the time that the mortgage was executed. Mortgage itself says that title is being conveyed by Roy and Von Seal Davis as joint tenants. And the order which the parties presented and was filed as an attachment to the joint motion, that also clearly states that the title is to be held by Roy and Von Seal Davis as joint tenants. So, to the contrary, there's evidence before the district court that this property was not intended to be included in the mortgage. And there's certainly no, there's no allegations in the complaint, excuse me, that support a determination of fraud or mistake due to the, or that brought about the exclusion of this property that we're here about today. Mr. Boykin, do you have anything further? One last point I would like to make in rebuttal. I think the opposing counsel stated that an order of the court required a certain amount of acreage to be in this mortgage. That, I disagree with that. I don't think the record reflects that any order required a certain amount of acreage to be included, nor does the mortgage itself make a determination about the amount of acreage that's being conveyed. I think he means that there's an incongruity, isn't there, between what the court order of March 1st required, which was a property in excess of, I think it was $1.6 million, and then the subsequent order which included an appraisal of a property in excess of that amount, but only if you consider the parcel that's been omitted from the actual mortgage that was a separate document filed with the court at that time. So there is an incongruity there. There's a, for lack of a better word, a strangeness to it. And I think that's what he was talking about. You agree with that, right? I agree with that, Your Honor. But I think the only remedy there is a timely motion in that first federal case to alter or amend that order and seek a new determination or a new appraisal or something of that nature. I don't think we can address that in this case. All right. Well, if you have nothing further, Mr. Boykin, Mr. Allenstein, you've reserved five minutes. Thank you. Just a couple issues. I understand that the argument is that the property was not included because it was individually owned by the wife, but the court never got to that issue. We never got past the pleadings. So it's premature to discuss that issue at this point. The issue is whether the court applied the correct statute of limitations. In my mind, clearly, the statute of limitations is 6232. Actions upon court judgment must be commenced within 20 years. It's not necessary for the plaintiff to include the statute of limitations in the complaint. That's not a requirement. And so we were trying to enforce the decree. I think the date that you mentioned, I forgot. But anyway, we're trying to enforce the decree. We clearly filed it within 20 years. The case should not have been dismissed on the pleadings without a trial, without a motion. It was wrongly dismissed. And I thank you for your consideration of this case. Thank you. Thank you both very much. We appreciate your time. We hope you have a great weekend and we will be in recess.